**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN J. "GUS" HOEFLING and**<br>**MARGARET HOEFLING, his wife,**<br>**Plaintiffs,** | **CIVIL ACTION** |
| **v.** | |
| **U.S. SMOKELESS TOBACCO**<br>**COMPANY, LLC, and**<br>**PINKERTON TOBACCO CO. LP,**<br>**Defendants.** | **NO.  19-3847** |

**DuBois, J.**                                                                         **December 30, 2020**

**M E M O R A N D U M**

### I.      INTRODUCTION

Plaintiffs John J. "Gus" Hoefling and his wife Margaret Hoefling filed this product liability action against defendants Pinkerton Tobacco Co. L.P. ("Pinkerton") and U.S. Smokeless Tobacco Company, LLC ("USSTC"), alleging that Gus Hoefling developed cancer as a result of using defendants' smokeless tobacco products.  Presently before the Court is the Motion of Defendant U.S. Smokeless Tobacco Company, LLC to Transfer Venue to the United States District Court for the Middle District of Florida (Document No. 58, filed November 24, 2020). For the reasons set forth below, the Motion is denied.

### II.      BACKGROUND[1]

Based on the Amended Complaint, the depositions of Gus and Margaret Hoefling, and other submissions of record, the facts of the case may be summarized as follows:

---

[1]      In addressing a motion to transfer, "all well-pleaded allegations in the complaint are generally taken as true unless contradicted by the defendant's affidavits, and the Court may examine facts outside the complaint to determine proper venue." *Holiday v. Bally's Park Place, Inc.*, CV No. 06-4588, 2007 WL 2600877, at *1 (E.D. Pa. Sept. 10, 2007).

**A.  Plaintiffs' Product Liability Suit**

Gus Hoefling is a former strength and fitness coach for the Philadelphia Eagles football team and the Philadelphia Phillies baseball team.  Am. Compl. ¶ 2.  USSTC "is [the] manufacturer, packager and distributor of Skoal spit tobacco."  *Id.* ¶ 4.  Pinkerton "is the manufacturer, packager and distributor of Red Man Chewing Tobacco."  *Id.* ¶ 5.  "Beginning in 1973-1974, before any warnings were placed on the products, Gus Hoefling began using [d]efendants' Skoal and Red Man tobacco products.  After becoming addicted, he consumed as much as three bags of Red Man and one to five cans of Skoal per week."  *Id.* ¶ 8.  He quit using defendants' products in 2011.  *Id.* ¶ 11.  In December 2018, "Gus Hoefling was diagnosed with head and neck cancer."  *Id.* ¶ 3.

Plaintiffs commenced this action in the Court of Common Pleas of Philadelphia County, Pennsylvania on August 22, 2019.  Not. Removal Ex. A.  USSTC removed the case to this Court on the basis of diversity of citizenship.  Not. Removal ¶¶ 7-17.  By Order dated February 28, 2020, the Court granted in part and denied in part defendants' motions to dismiss the Amended Complaint.  (Document No. 36).  The remaining claims asserted against USSTC and Pinkerton in the Amended Complaint are: negligence (Count I); negligent failure to warn and negligent design defect (Count II); strict product liability for failure to warn (Count III); strict product liability for design defects (Count IV); and loss of consortium (Count VIII).

**B.  USSTC's Motion to Transfer**

USSTC moves to transfer this case to the United States District Court for the Middle District of Florida (Tampa Division).[2]  Mot. Trans.  USSTC contends that the Middle District of

---

[2]     USSTC "operates from corporate headquarters [in] Richmond, Virginia and is doing business in Pennsylvania."  Am. Compl. ¶ 14.  Pinkerton "is a corporation incorporated under the laws of Delaware, with its corporate headquarters [in] Richmond, Virginia."  *Id.* ¶ 15.

Florida is "a more appropriate venue" on the ground that, *inter alia*, plaintiffs have a number of connections to that district. *Id.* at 1. Specifically, in 1991, plaintiffs were married in Clearwater, Florida, M. Hoefling Dep., at 140-141; in 1996, plaintiffs moved to Largo, Florida and have resided there ever since, USSTC Interrogs. No. 2; while living in Florida, Gus Hoefling continued using defendants' products until 2011, Pinkerton Interrogs. No. 2; and all of the physicians who have treated Gus Hoefling—for the cancer at issue in this case and other health conditions—are based in Florida, *id.* at No. 5. In further support of its Motion, USSTC contends that "a number of [ ] potential fact witnesses identified on either side's fact witness lists are also located in Florida. " Mot. Trans., 7. USSTC identifies William Snyder (Largo, Florida), John Denny (Winter Garden, Florida), Tim McCarver (Sarasota, Florida), Jim Kaat (Stuart, Florida), and plaintiffs as potential fact witnesses who reside in Florida. *Id.*

In response, plaintiffs argue that the major events that gave rise to the claims in this case occurred in the Eastern District of Pennsylvania. Specifically, plaintiffs allege that from 1973 to 1992, Gus Hoefling "acquired, purchased, consumed and became addicted to [d]efendants' smokeless tobacco products, resulting in [his] disease, while working or residing in Philadelphia and elsewhere." Am. Compl. ¶ 12. Gus Hoefling "testified that [d]efendants' Skoal and Red Man smokeless tobacco products were provided free of charge by the manufacturers and shipped to the locker rooms of [the Eagles and Phillies]." Pls.' Resp., 4. Plaintiffs further contend that Mr. Hoefling's cancer began to develop at some point while he was living in Philadelphia. *Id.*

On November 24, 2020, USSTC filed a Motion to Transfer Venue to the United States District Court for the Middle District of Florida (Document No. 58). Plaintiffs responded on December 8, 2020. The Motion is thus ripe for decision.

### III.   LEGAL STANDARD

The question before the Court is whether this case should be transferred to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a).  Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Once a court determines that venue would be proper in another district, the court must consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.1995).  The party moving to transfer venue bears the burden of establishing the need for the transfer.  *Id.*; *Miller v. Consol. Rail Corp.*, 196 F.R.D. 22, 24 (E.D. Pa. 2000).

The United States Court of Appeals for the Third Circuit has identified a number of public and private interests to be considered when weighing a transfer pursuant to § 1404(a). *Jumara*, 55 F.3d at 879.  "Private interests" include plaintiff's forum preference as manifested in the original choice; defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses; and the location of books and records.  *Id.*  "Public interests" include the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.  *Id.* at 879-80.

## IV.    DISCUSSION

As a preliminary matter, the Court examines whether the Middle District of Florida is a district in which this action "might have been brought." § 1404(a).  To qualify as such a district, it must have "(1) subject matter jurisdiction over the claims; (2) personal jurisdiction over the parties; and (3) [be] a proper venue." *Yang v. Odom,* 409 F. Supp. 2d 599, (citing *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 24 (3d Cir. 1970)).  Plaintiff does not dispute that the Middle District of Florida has the requisite jurisdiction over this case and is a proper venue to adjudicate this case.  The Court therefore concludes that the Middle District of Florida is a district in which the case might have been brought.  Accordingly, the Court next evaluates whether a transfer would be in the interests of justice under the *Jumara* framework.

### A.  Private Interests

USSTC argues that all six private interests favor a transfer.  However, at the outset, the Court determines that two of the six—defendant's venue preference and the location of books and records—are neutral interests.[3]  Accordingly, the Court evaluates USSTC's arguments with respect to the four remaining private interests: plaintiffs' forum preference as manifested in their original choice; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; and the convenience of the witnesses.

---

[3]     USSTC claims that the Middle District of Florida is its preferred venue on the ground that it is "the more appropriate venue for this action." Mot. Trans., 12.  It does not assert that Florida is a more convenient venue, nor does it provide any additional reasons for its preference.  Even if it could provide further justification, this factor would likely not affect the Court's ruling, because "[d]efendant's preference is entitled to considerably less weight than [p]laintiff's." *EVCO Tech. & Dev. Co., LLC v. Precision Shooting Equip., Inc.*, 379 F. Supp. 2d 728, 730 (E.D. Pa. 2005).  Additionally, as plaintiff points out, defendant Pinkerton has not joined USSTC's Motion and "takes no position" on the issue. Pls.' Resp., 6.  Accordingly, the Court concludes that USSTC's venue preference is not persuasive.

The location of books and records is also a neutral interest because "technological advancements significantly reduce the weight of this factor as files can be easily reproduced and provided in electronic format." *Scanlan v. American Airlines Group, Inc.*, 366 F. Supp. 3d 673, 678 (E.D. Pa. 2019).  USSTC does not claim that it has had any difficulty obtaining documents due to their physical location, but rather states that Mr. Hoefling's medical records have already been obtained from Florida-based providers.  Accordingly, the location of books and records is a neutral interest.

         *i.*       *Plaintiffs' Forum Preference and Where the Claim Arose*

The standard for evaluating plaintiff's forum preference directs the Court to examine where the underlying claims arose.  Accordingly, the Court evaluates these two interests together.

In general, "a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request and that choice should not be lightly disturbed." *Shutte*, 431 F.2d at 25.  But "when the vast majority of the acts giving rise to the plaintiff's claims take place in another forum, that weighs heavily in favor of transfer." *Punoose v. Equifax Info. Servs., LLC*, No. 18-CV-1072, 2018 WL 2735403, at *2 (E.D. Pa. June 7, 2018) (citations omitted).

USSTC contends that plaintiffs' forum preference should not be given deference because "the vast majority of events relevant to this lawsuit occurred in the Middle District of Florida." Mot. Trans., 12.  These events include, Mr. Hoefling's use of smokeless tobacco products over fifteen years, his multiple attempts to quit, his squamous cell carcinoma diagnosis, and treatment for his tonsillar cancer.  *Id.*  However, plaintiffs claim that "Mr. Hoefling's harm is directly connected to this district because he was first exposed to defendants' products here, became addicted in this district,"—in part, because defendants shipped the products to the locker rooms of the Eagles and Phillies free of charge—"and consumed the spit tobacco products here for almost twenty years."  Pls.' Resp., 6.

Given the nature of plaintiffs' product liability claims, the Court considers events such as Gus Hoefling's first use of defendants' products and his longest period of continual use (20 years)—both of which occurred in this District—significant in this analysis.  Thus, contrary to USSTC's claim, it has failed to demonstrate that the "vast majority" of events underlying this

action occurred in the Middle District of Florida.  Accordingly, plaintiffs' forum preference and the location where their claims arose weigh against transfer.

ii.    *The Convenience of Parties*

USSTC next contends that the convenience of the parties weighs in favor of a transfer on the ground that plaintiffs and their lead counsel reside in Florida.  USSTC does not provide any evidence regarding the convenience of defendants USSTC or Pinkerton, presumably because their headquarters, in Richmond, Virginia, are much closer to this District than the Middle District of Florida.  *See* Am. Compl. ¶¶ 14-15.  USSTC's argument with respect to the convenience of the parties is based only on the alleged convenience of plaintiffs.

However, despite their geographical proximity to the Middle District of Florida, plaintiffs claim that they will be inconvenienced by a transfer because it would render the parties' discovery and pre-trial schedule moot and they would have to "start all over" with a new schedule and trial date.  Pls.' Resp., 11.  Plaintiffs argue that they will be prejudiced by the potential delay in setting a trial date, as they "will be at the 'back of the line' with other civil litigants eager to have their cases heard."  *Id.*  Plaintiffs further contend that the fact that the parties have been litigating this case in this District for fifteen months demonstrates that it is convenient for the parties and weighs against a transfer.  *Id.*, at 3.

In light of plaintiffs' convenience arguments, the Court determines that USSTC's evidence of plaintiffs' permanent residence is insufficient to establish that the convenience of the parties weighs in favor of a transfer.  Accordingly, the Court concludes that this private interest is neutral.

iii.     *The Convenience of Witnesses*

USSTC next contends that transfer to the Middle District of Florida is appropriate

because it is the district in which "numerous fact witnesses—including all treating physicians—

reside and can be subpoenaed to appear for trial."  Mot. Trans., 2.  USSTC contends that the

parties will be unable to subpoena these witnesses because they reside outside of a 100-mile

radius of this Court.  *Id.* at 14.  However, the convenience of witnesses weighs in favor of a

transfer only "to the extent that [the witnesses] may actually be unavailable for trial in one of the

fora."  *Jumara*, 55 F.3d at 879.

Other than the limits of the Court's subpoena power, USSTC does not provide any

evidence to support its claim that it may be unable to procure the testimony of Mr. Hoefling's

physicians or any other potential fact witnesses if the case remains in this District.  With respect

to the physicians, plaintiffs contend that it is plaintiffs' responsibility to provide "appropriate

medical testimony either in person or as is customary, through videotaped depositions," and they

do not assert that they would be unable to fulfill this responsibility if they continue litigating in

this District.  Pls.' Resp., 9.  Additionally, USSTC identifies on its list of witnesses it "may call"

only two non-party[4] fact witnesses—William Snyder and John Denny—who reside in Florida.

*See* Mot., 7; Def.'s Ex. J, at 2.  USSTC has not shown that these witnesses, or any others, "may

actually be unavailable" if this suit remains in this District.  Accordingly, the Court determines

that the convenience of the witnesses is a neutral interest.

For the foregoing reasons, the Court concludes that USSTC has not met its burden of

proof with respect to the private interests set forth in *Jumara*.  Plaintiffs' preferred forum and the

---

[4]     USSTC also lists the Hoeflings as potential witnesses, however, this fact does not counsel in favor of
transfer because "[t]he party witnesses are presumed to be willing to testify in either forum despite any
inconvenience."  *Hillard v. Guidant Corp.*, 76 F. Supp. 2d 566, 570 (M.D. Pa. 1999) (citations omitted).

location where their claims arose counsel against a transfer.  The convenience of the parties and witnesses are neutral interests.  Thus, taken as a whole, the private interests at issue in this case weigh against a transfer.

### B.  Public Interests

USSTC concedes that three of the five public interests are neutral, but argues that the remaining two—practical considerations and the local interest in deciding local controversies at home—weigh in favor of a transfer.  The Court disagrees with USSTC with respect to both of these interests.

### i.      *Practical Considerations*

USSTC's argument regarding the practical considerations at issue in this case is identical to its arguments regarding the convenience of the parties and witnesses.  Just as the Court determined that those convenience interests do not weigh in favor of a transfer, the Court also concludes that USSTC has failed to establish that practical considerations counsel in favor of a transfer.

### ii.      *Local Interest*

USSTC also contends that the Middle District of Florida has a local interest in this case on the grounds that Gus Hoefling was diagnosed with and treated for tonsillar cancer in Florida, and plaintiffs have resided there for almost 25 years.  Mot. Trans., 16-17.  Although the Court recognizes that these events confer upon the Middle District of Florida an interest in this case, these events are insufficient to render this controversy "localized" to that district.  As explained in Part IV.A.i., *supra*, a number of significant events that gave rise to the claims in this case occurred in Philadelphia.  As a result, this District also has an interest in this case.  USSTC has

failed to demonstrate that the Middle District of Florida's interest is the greater of the two. Accordingly, the Middle District of Florida's local interest in this case is a neutral public interest.

The Court therefore concludes that the public interests at stake in this case do not counsel in favor of a transfer.

**V.      CONCLUSION**

For the foregoing reasons, the Motion of Defendant U.S. Smokeless Tobacco Company, LLC to Transfer Venue to the United States District Court for the Middle District of Florida is denied.  An appropriate order follows.